# In the Supreme Court of Pennsylvania.

## APPEAL OF THE PENNSYLVANIA COMPANY FOR INSURANCE OF LIVES, &c.

A testator having by his will limited the amount to be paid his daughter during her minority, and directed the accumulation to be incorporated into and form part of the body of the estate: *Held*, on application of the minor's guardian for an additional allowance, that the direction to accumulate was void under the act of April 18, 1853.

*In re* the Appeal of the Pennsylvania Company for the Insurance of Lives, &c., trustees, in the matter of an increased allowance to Annie D. Washington, a minor.

**Certificate to Orphans' Court of Philadelphia.**

Opinion delivered February 2, 1874, by

GORDON, J.   The one question presented by this case is, to whom belongs the accumulations that have accrued over and above the amount which the will of Warner F. Washington directs to be paid for the maintenance of the minor?   By the provisions of the will itself they form part and parcel of the estate, of which the minor is to have the entire interest during life from and after her arrival at the age of twenty-one.   Then at her death the estate goes over to her appointees or children, &c.   Now if the will be effective in this disposition of these accumulations, it follows that the answer of the trustee appellant is correct; he has not in his hand any estate from which her income can be increased, for it is conceded that the body of the estate cannot be trenched upon for any such purpose.

The appellee, however, insists that these accumulations by force of the act of 1853, vest in the minor, the enjoyment thereof only being suspended until her majority.

This brings us directly to the consideration of the aforesaid act of April 18, 1853.   It provides that no person or persons shall, after the passage thereof, by any deed, will or otherwise, settle or dispose of any real or personal property, so, and in such manner that the rents, issues and profits thereof shall be wholly or partially accumulated for any longer term than the life or lives of any such grantor or grantors, settlor or settlors, or testator, and the term of twenty-one years from the death of any such grantor or testator; "that is to say, only after such decease, during the minority or respective minorities, with allowance for the period of the gestation, of any person or persons who under the uses and trusts of the deed, will, or other assurance directing such accumulation, would for the time being, if of full age, be entitled unto the rents, issues, interests and profits so directed to accumulate."   All other accumulations are in express terms rendered void, except those mentioned in the first

proviso. It does seem to us that the true interpretation of this act is not hard to reach. In the first place, it allows accumulations only in favor of one class of persons, who are to be possessed of two qualifications: (1) They must be minors. (2) They must be such persons, who, if not minors when the deed or will goes into effect, will be entitled to take the rents and profits from which the accumulations are to arise. Any attempt to direct such accumulations into any other channel, renders the deed or will void *pro tanto*, and the rents and profits so appropriated pass to the person or persons who would have been entitled thereto, if such accumulation had not been directed.

If now, these accumulations go not to the minor, and it be conceded that such minor must, in order to satisfy the terms of the statute be a beneficiary, it follows that the benefit may be so small as virtually to amount to nothing. If, for example, in the present instance the amount of eight hundred dollars *per annum* only belongs to Annie D. Washington, the minor, and we suppose the annual accumulation to amount to eight hundred dollars more, then certainly her allowance might have been four hundred, and the accumulation twelve hundred dollars per year. Thus we may by the same supposition reduce her beneficial interest to an annuity of ten dollars or of ten cents. This, however, would be a mere evasion of the terms of the statute, which is not to be tolerated.

In order to avoid a perversion of the statute, such as above stated, the appellant is constrained to construe the act in such a manner as to permit the accumulation during the *period* of minority of any minor selected for that purpose, whether it be the beneficiary or some one else.

In other words, this is the period allowed in which the estate may be permitted to accumulate, and when the period of majority arrives, this aggregated estate may be distributed according to the directions of the deed or will creating it, without any regard whatever to the person during whose minority it was accumulated.

But under this reading of the act, we must concede that cases may arise in which the person, during whose minority the accumulations accrue, may not be the one, who, if of full age, would be entitled to the rents, issues and profits so directed to accumulate, and hence we again come in conflict with the statute.

The error of the appellant arises from an attempt to incorporate the third clause of the British act into our Pennsylvania statute—a clause which the framers of our act were careful to exclude. A comparison of the two statutes will render the meaning of that of Pennsylvania very obvious, if, indeed, it were ever regarded as at all obscure.

In the English act there are four distinct cases or periods in which or during which accumulations were allowed. (1) During the life of the grantor or settlor; (2) Twenty-one years from the death of the grantor, settlor or testator; (3) During the minority or respective minorities of any

person or persons who shall be living, or *en ventre sa mere* at the time of the death of the said grantor, &c.; and (4) during the minority or respective minorities only of any person or persons who under the uses and trusts of the deed, surrender, will or other assurance directing such accumulations would for the time being, if of full age, be entitled unto the rents, issues, profits, &c., directed to be accumulated.

Now, whatever of doubt may have arisen from the terms of this act, it was certainly not found in the fourth clause.

Jarman says (1 Jar. on Wills, 268 and 269), in commenting upon the case of Halsey *v.* Bannister, 4 Madd. 275: "This decision makes the clause of the act which allows accumulations during the minority of any person who, if of age, would be entitled to the income, amount only to a mere saving or reservation of the rule of law, which so disposes of the income of minors, or rather of their surplus income, after providing for their maintenance." He says further, in the same connection, when speaking of the effect this doctrine may have upon trusts ordinarily introduced into provisions for maintenance during the minority of persons unborn at the testator's decease, which direct the unapplied surplus income to be added from time to time to the principal: "Such trusts, however, are distinguishable from the bequest in Haley *v.* Bannister, in this that they extend only to the unapplied surplus, and not to the entire income, and therefore approach more closely to the rule of law which accumulates the incomes of minors after providing for their maintenance; though they differ from that rule in regard to the destination of the accumulated fund, which the law gives to the minor himself, but which the express trust attaches to the principal fund."

Examine now our act of 1853, and it will be seen that it is almost a literal transcript of the British statute (39 and 40 Geo. III. c. 98), omitting the second and third clauses thereof. With this light therefore, thrown upon the subject under consideration, and in view of these very significant omissions, it becomes to our minds certain that, with the exceptions stated in the first proviso, the legislature intended that there should be no accumulations of the estates of decedents, except in favor of those minors who should be beneficiaries under the deed or will by which the trust should be raised.

But we again revert to the clause of the statute which directs that these accumulations shall run only during the minority of those who, "if for the time being were of full age, would be entitled to the rents, issues, and profits so directed to accumulate." Now, it is a singular interpretation of the act, which, whilst it must admit of the starting of the accumulations with the minority of one who, if of full age, would be entitled to the rents, issues, and profits directed to be accumulated, nevertheless insists that such person may not be so entitled when such rents, &c., have been accumulated.

It is not conceivable that the framers of this statute intended a construction so contradictory.

We must, therefore, conclude that that part of the will of Warner F. Washington, which directs the accumulations to be incorporated into and form part of the body of his estate, falls, and that such accumulations revert to and form part of the estate of Annie D., the only child of the said Warner F. Washington, who is the one thereunto entitled. The first exception raised to the ruling of the court below having been abandoned by the appellant's counsel, and the others having been considered in the preceding opinion, it only remains for us to say that we find no fault with the allowance made for the maintenance of the minor by the court below.

Appeal dismissed at the costs of the appellant.